**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| **JUDITH GARRELS** | * |
| **312 Shadeland Avenue** | * |
| **Drexel Hill, PA 19026** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **V.** | * |
| | * |
| **BERNARD I. KRUPP, DDS** | *  Case No. _____ |
| **And** | * |
| **BERNARD KRUPP, DDS, OMS, P.A.** | * |
| **Suite 314** | * |
| **1220 B East Joppa Road** | * |
| **Towson, MD 21286** | * |
|     **Serve: Bernard Ian Krupp** | * |
| | * |
| **AND** | * |
| | * |
| **PAIK IMPLANT DENTISTRY** | * |
|     **ASSOCIATES, P.A.** | * |
| **d/b/a** | * |
| **CLEARCHOICE DENTAL IMPLANT** | * |
|     **CENTER-COLUMBIA** | * |
| **Suite 100** | * |
| **5900 Waterloo Road** | * |
| **Columbia, MD 21045** | * |
| | * |
|     **Serve: The Corporation Trust** | * |
|         **Incorporated** | * |
|         **351 West Camden Street** | * |
|         **Baltimore, MD 21201** | * |
| | * |
| **Defendants.** | * |

## COMPLAINT FOR PERSONAL INJURIES –PROFESSIONAL NEGLGIGENCE (DENTAL MALPRACTICE)

Judith Garrels ("Plaintiff") brings this claim by and through Fred B. Goldberg, Esq. and

Fred B. Goldberg, P.C., her attorneys, and hereby sues Bernard I. Krupp, DDS ("Dr. Krupp"),

Bernard Krupp, DDS, OMS, P.A. ("Dr. Krupp's Practice"), Collectively referred to as Dr.

1

Krupp, and Paik Implant Dentistry Associates, P.C., doing business as Clearchoice Dental Implant Center-Columbia ("Clearchoice"), all collectively referred to as Defendants for cause and states as follows:

## JURISDICTION AND PARTIES

1. This Honorable Court has jurisdiction of this case by virtue of 28 U.S.C. § 1332.

2. Plaintiff is an adult citizen of the United States and resides in the Commonwealth of Pennsylvania, at the above-designated address.

3. Defendant Bernard I. Krupp, DDS, is a dentist, Board certified in oral and Maxillofacial Surgery, licensed by the State of Maryland to provide dental services to the public and does so at the above-designated address.

4. Defendant Bernard Krupp, DDS, OMS, P.A., ("Dr. Krupp's Practice") is a corporation duly organized or qualified to do business in the State of Maryland, which regularly provides dental services within the State of Maryland, at the above-designated address.

5. Defendant Paik Implant Dentistry Associates, P.A. d/b/a ClearChoice Dental Implant Center-Columbia is a corporation duly organized or qualified to do business in the State of Maryland, which regularly provides dental service within the State of Maryland under the name "ClearChoice," at the above-designated address.

6. This Court has jurisdiction under federal diversity jurisdiction, 28 U.S.C. § 1132, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7. Plaintiff, on April 5, 2016, filed a claim before the Maryland Health Claims Alternative Dispute Resolution Office (hereinafter, "HCADRO") on 2016-163 and was assigned HCADRO No. 2016-163 (Exhibit 1).

8. Plaintiff, on April 5, 2016, filed the requisite Certificate of Meritorious Claim and Expert's Report with the HCADRO (Exhibit 2).

9. Plaintiff, on April 5, 2016, filed an Election to Waive Arbitration under the provisions of § 3-2A-06A of the Cts. & Jud. Proc. Code Anno., as amended, with the HCADRO. (Exhibit 3).

10. HCADRO, on April 6, 2016 issued an Order of Transfer, allowing the Plaintiff to file this case in this jurisdiction (Exhibit 4).

## FACTS

11. At at all times relevant hereto Defendants identified above were Health Care Providers as defined by Md. Code Ann. Cts. & Jud. Proc. Sec. 3-2A-01.

12. At all times relevant hereto Dr. Krupp was an employee, partner, director, agent, or joint venturer with Dr. Krupp's Practice and all dental treatment rendered by him to the Plaintiff was on behalf of or for the benefit of Dr. Krupp.

13. At all times relevant hereto Dr. Krupp and/or Dr. Krupp's Practice was an employee, director, agent, contractor or joint venturer with Paik Implant Dentistry Associates, P.A. ("the Paik Practice"), doing business as Clearchoice Dental Implant Center-Columbia ("Clearchoice"), and all dental treatment rendered by him to the Plaintiff was on behalf of or for the benefit of Clearchoice, and the Paik Practice.

14. At all times relevant hereto Defendants were duly licensed dentists and dental services practices holding themselves out to the general public, including to the

3

Plaintiff herein, as competent and skilled dentists who would properly examine, diagnose, treat, consult, refer, and administer to patients who might submit to their care and professional treatment.

15. At all times relevant hereto Defendants did undertake to render dental care and treatment to Plaintiff and it therefore became their duty to exercise that degree of skill, knowledge and expertise which is ordinarily exercised by a reasonably competent health care provider under like or similar circumstances.

16. The Defendants, their agents and/or employees were therefore bound to possess and exercise at least ordinary and reasonable skill, knowledge and expertise in examining, treating and caring for the Plaintiff.

17. Plaintiff presented to Clearchoice as a patient on October 28, 2013.

18. Plaintiff was first seen by Dr. Seung Paik.

19. Dr. Paik obtained an ICAT scan, and examined and evaluated Ms. Garrels.

20. Dr. Paik recommended extraction of all Ms. Garrels' remaining maxillary and mandibular teeth to be replaced by a hybrid implant system comprised of four implants on each arch attached to each other, and to which a fixed denture is to be affixed.

21.     Thereafter, the patient was referred to Dr. Krupp to perform the extractions and to insert the implants.

22.   Plaintiff presented to Dr. Krupp for said procedures on January 7, 2014.

23. The extractions appear to have been accomplished without incident or complications, but no operative note has been made available.

24. At that same visit, Dr. Krupp placed mandibular implants at the sites where teeth #20, 23, 26 and 29 had been.

25. In the process of placing implants, Dr. Krupp appears to have placed each of the implants on a buccal to lingual angulation.

26. Additionally, at that same visit, Dr. Krupp perforated the lingual cortex at each implant, providing a direct avenue for infection into the submandibular space.

27. Dr. Krupp's records do not reflect that he perforated of the lingual cortices.

28. Dr. Krupp's records do not reflect that Ms. Garrels was informed of that Dr. Krupp had perforated the lingual cortices and that such perforations could likely lead to significant and dangerous infections in the submental spaces.

29. Within a few days, Plaintiff notified Dr. Krupp's office that she was experiencing swelling under her chin.

30. Dr. Krupp did not inform the patient that he had perforated her lingual cortices, but only told Ms. Garrels that if she had breathing problems to go to an Emergency Room.

31. Plaintiff developed trismus, pain, swelling and a bad odor emanating from her oral cavity.

32. On January 17, 2014 Plaintiff presented to Lankenau Hospital's Emergency Department.

33. Plaintiff was diagnosed with abscesses in the submental spaces and osteomyelitis.

34. Plaintiff was kept as an inpatient for three days and underwent an external I & D procedure.

**35.** Ultimately, Plaintiff had to have two of the mandibular implants removed as they failed due to infection and the development of osteomyelitis.

36. Defendants had a duty to provide dental care within that degree of care and skill which a reasonably competent dentist or oral surgeon would use while engaged in a similar practice and acting under similar circumstances, which standard was not met by the following:

    a) by Dr. Krupp failing to perform a pre-surgical evaluation of the patient;

    b) by Dr. Krupp negligently perforating the lingual cortices;

    c) by Dr. Krupp negligently failing to realize that he had perforated the patient's lingual cortices;

    d) by Dr. Krupp negligently failing to inform the patient that the Defendants' had perforated the patient's lingual cortices;

    e) by Dr. Krupp negligently placing the implants at improper angles; and,

    f) by the Defendants' negligently failing to properly follow-up and manage the patient's post-operative care.

37. As a direct and proximate result of the above-mentioned deviations from the standard of care, Plaintiff suffered a deep space infection, developed osteomyelitis, was hospitalized and had to undergo multiple surgical procedures at great physical pain and mental anguish and is likely to do for the foreseeable future.

38. As a direct and proximal result of the above-mentioned deviations from the standard of care, Plaintiff Additionally, by report, has been rendered unable to have future implants in her mandible and will not be able to have a fixed prosthetic in her mouth in the future.

39. As a direct and proximate result of the above-mentioned deviations from the standard of care, Plaintiff has incurred significant medical, dental and other health care costs and expenses and is likely to do for the foreseeable future.

40. The Plaintiff avers and alleges that all the injuries, damages and losses claimed herein were and are due solely to the dental negligence and lack of skill of the Defendants and their agents, servants and employees who, in this instance, did not conduct themselves in a competent and skillful manner, failed to exercise the degree of knowledge and skill necessary under the circumstances, departed from the generally accepted standards of dental care, practice and procedure, and were otherwise generally careless and negligent, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff brings this action and seeks damages in excess of Seventy-five Thousand Dollars ($75,000) against the Defendants, jointly and severally.

Respectfully submitted,
FRED B. GOLDBERG, P.C.

Fred B. Goldberg
10440 Little Patuxent Pkwy
Suite 900
Columbia, MD 21044
*Attorney for Claimant*